## IN RE JORDAN.

1. **Criminal law**: DISCHARGE OF POOR CONVICT. Where one, convicted of keeping a nuisance and sentenced to pay a fine, was ordered to be imprisoned at hard labor until the same was paid, and at the expiration of thirty days, no work being furnished him, he executed his note for the fine and costs, and made a schedule of his property as provided in Sec. 4611, of the Code: *Held*, that he was entitled to be discharged from custody.

2. ——: ——: PLEADING. If a sheriff, in his answer in a *habeas corpus* proceeding for the discharge of a prisoner under sentence to be detained until a fine is paid, admits facts entitling him to the discharge under Sec. 4741 of the Code, he is not deprived of the right to be discharged by the filing of a substituted answer, averring that, in the opinion of the sheriff, the judgment may be satisfied by the labor of the prisoner.

*Appeal from Wapello Circuit Court.*

FRIDAY, SEPTEMBER 25.

APPLICATION TO BE DISCHARGED, ON HABEAS CORPUS, FROM IMPRISONMENT IN THE COUNTY JAIL. On a hearing before the court the applicant was remanded, from which order he appeals. The facts of the case are stated in the opinion.

*Hendershott, Burton* and *Gibbons,* for appellant.

*M. E. Cutts, Attorney General,* and *M. H. Jones, District Attorney,* for the State.

MILLER, CH. J.—The appellant complains that he is illegally restrained of his liberty, by the sheriff of Wapello county in the jail of said county, and he shows in his petition that at the January term 1874, of the District Court in that county he was adjudged guilty, under an indictment for nuisance, and was fined in the sum of

1. CRIMINAL LAW: discharge of poor convict.

five hundred dollars; that, in default of payment of said fine, he was committed to the jail of the county; that he has been continuously confined for a period of thirty days, and, since the expiration of that period, he executed and delivered to the sheriff of the county, his promissory note for the fine and costs unpaid, together with a sworn schedule of his property of every kind whatever, as provided by section 4611 of the Code; that, notwithstanding these facts, the sheriff still retains the petitioner in custody in said jail.

The petition also shows that the legality of the imprisonment had not been adjudged upon in a prior proceeding of this character, and that an application for the writ of *habeas corpus* had not been refused by any court or judge. It was duly sworn to and had attached thereto the warrant of commitment upon which he was held in custody. This warrant recites the facts of the appellant's conviction; that he was adjudged to pay a fine of five hundred dollars and costs, and also that the "court made an order that the defendant stand committed to the jail of said county, and that he be confined and imprisoned at hard labor, until said fine and costs are paid, at the rate of one dollar and fifty cents, ($1.50) per day." The warrant commanded the sheriff to imprison appellant in accordance with this order, and was under the seal of the court and attested by the clerk.

The writ of *habeas corpus* was issued, upon which appellant was brought before the court, the sheriff returning for answer thereto, that he held said Jordan in the county jail by virtue of said warrant of commitment. He further answered as follows: "Comes now the defendant, and for answer to the petition and writ of *habeas corpus* in above case, admits the truth of each allegation in the petition contained, with the exception of the allegation that petitioner is illegally restrained of his liberty. Admits that petitioner is held by him under the warrant, the copy of which is attached to the petition; that petitioner has been in his custody as sheriff for thirty days, that he has executed and delivered to defendant his promissory note for his unpaid fine, together with a sworn schedule of his property, and in every respect complied with

the provisions of chapter 47, of the Code of 1873, for the liberation of poor convicts.

Defendant further states that, since petitioner has been in his custody, there has been no work furnished him, and that there is no provision made by the county of Wapello to furnish work for prisoners, and that defendant has been and still is unable to furnish said work." The sheriff further states in his answer that he is ready and willing to discharge the prisoner if it is lawful so to do, and is willing to receive his note and the schedule of his property as made, and asks the court to so order.

Afterwards an additional answer of the sheriff was filed, stating that he is of opinion that the judgment cannot be satisfied by the labor of the petitioner, as provided by Chapter 1, Title 26, of the Code.

On the next day the sheriff filed a substituted answer stating the facts as contained in his former answers, with only these changes, that in his opinion the judgment may be satisfied by labor of the defendant on the streets of the city of Ottumwa, and the public highways of the county, when the weather will permit, and denying that plaintiff has made a true schedule of his property as claimed in his petition. To this substituted answer the sheriff annexes copies of the indictment and record of the conviction.

Upon the filing of this substituted answer the appellant made and delivered to the sheriff an additional schedule which he claimed, and it is not denied, to be a complete schedule of his property of all kinds. He pleaded this fact as an amendment to his petition.

It is clear that, prior to the filing of the substituted answer by the sheriff, the pleadings before the court showed facts entitling appellant to be discharged from custody. He had served a term of thirty days in the jail of the county, and had fully complied with section 4611, which provides for the liberation of poor convicts. These facts not only entitled him to his discharge merely, but their concurrence operated as a satisfaction of the judgment. *The State of Iowa v. Jordan*, 387 *ante*, and cases cited. How did the subsequent answer of the

sheriff, in which he expresses it as his opinion that the judgment may be paid by the labor of the defendant, affect the question? Section 4736 of the Code, authorizes any court of record or other tribunal authorized to imprison for the violation of any law, when rendering final judgment of imprisonment, "whether for non-payment of fine or otherwise," to determine "whether such imprisonment shall be at hard labor or not." Section 4741, among other things, provides that "no person shall be entitled to the benefit of the law providing for the liberation of poor convicts, if, in the opinion of the sheriff, the judgment may be satisfied by the labor" of the person imprisoned. Waiving any question as to the validity of this provision, professing to confer upon the sheriff the power to decide, whether or not a prisoner in his custody shall be entitled to liberation from imprisonment according to law, we think that, the sheriff having clearly shown by his answers, not only that in his *opinion* the judgment could not be satisfied by the labor of the prisoner, but facts also establishing the correctness of his opinion, appellant was then clearly entitled to be discharged from custody, and the subsequent change in the *opinion* of the sheriff cannot, under the facts of the case, operate to deny the prisoner of this right. The order of the court below remanding the appellant will be

REVERSED.